EQUITY FIRE INSURANCE CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9257, 14847.   Promulgated July 8, 1927.

Where a fire insurance company which is on the accrual basis reinsures the risk of an original insurer, another fire insurance company, and a fire occurs and is reported in one year, but the amount of the loss is not determined and paid until the following year, the loss accrues to the company reinsuring the risk in the year in which the fire occurred.

*Henry J. Richardson, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

These proceedings are the result of deficiencies proposed by the Commissioner of income and profits tax for 1919, 1920, and 1921 in the respective amounts of $4,404.61, $107.32, and $468.29.   While two appeals are involved and were consolidated for the purpose of hearing and decision, the issue relates primarily to 1919, question being raised as to 1920 and 1921 only in so far as the ultimate determination of the deficiency for 1919 may affect the tax liability of these subsequent years.

FINDINGS OF FACT.

Petitioner is a corporation organized under the laws of Missouri, with its principal office at Kansas City.   It is engaged chiefly in reinsuring risks which are insured originally by the Reciprocal Exchange, a company which carries on the business of issuing policies of fire insurance.

In 1918, the Reciprocal Exchange issued policies of fire insurance on certain property of the Salisbury Ice Co., Salisbury, Md., to the extent of $57,000 and at the same time reinsured this risk with the petitioner to the extent of $37,000.   The petitioner in turn reinsured $12,000 of its risk with another company.

On December 12, 1918, a fire occurred in the plant of the Salisbury Ice Co. which caused damage to the extent of $34,110.53.   The Reciprocal Exchange and the petitioner were advised of the loss on December 14, 1918, and, between that date and January 20, 1919, the loss was in process of adjustment, such time lapsing while the usual proof of loss on the claim was being secured.

Upon presentation of the final proof of loss to the Reciprocal Exchange, it made payment of $34,110.53 to the Salisbury Ice Co., and on the same day, January 20, 1919, the petitioner paid $22,141.93 to the Reciprocal Exchange on account of its reinsurance policy on the same risk.   The company with which petitioner had reinsured a part of its risk made payment on account thereof in September, 1919,

The petitioner claims the loss as a deduction from gross income in 1919, when the loss was finally adjusted and paid, whereas the Commissioner contends the loss is a proper deduction for 1918 when the fire occurred.

Other losses, smaller in amount, but similar in nature, i. e., fire occurred in 1918 but adjustment not made until 1919, are contended for by the petitioner and the Commissioner on the respective bases indicated above.

OPINION.

LITTLETON : Petitioner claimed in its original petition that the Commissioner erred in computing its tax upon the accrual basis. The Commissioner followed the accrual method in his determination and no evidence was submitted by petitioner to show that it regularly employed a different method in keeping its books, or that the method used by the Commissioner did not clearly reflect income. The petitioner tried the case upon the theory that the loss in question was not sustained in 1918 upon the accrual method of accounting.

In these circumstances we have the situation where the petitioner, a fire insurance company, is on the accrual basis and has sustained a loss under a policy of reinsurance. The fire occurred and was reported in 1918, the loss was not resisted but, because of the time required to secure the necessary proof of loss, payment was not made by the original insurer to the insured, and, likewise, by the petitioner to the original insurer, until 1919. The further fact exists that the petitioner did not receive payment on account of its reinsured risk until some months later, but during 1919.

At the outset it should be noted that these proceedings do not involve the question of whether a reserve set up by a fire insurance company against unpaid losses is a reserve within the meaning of the provisions of the Revenue Act of 1918, permitting a deduction from gross income in the case of insurance companies, of the " net addition required by law to be made within the taxable year to reserve funds." Such a question was before the Supreme Court in the case of *McCoach* v. *Insurance Co. of North America*, 244 U. S. 585, and also in the case of *United States* v. *Boston Insurance Co.*, 269 U. S. 197, wherein it was held that the additions to such a reserve are not deductible from gross income.

In denying such a deduction, the court was not passing on the question of when a loss is deductible.

In the *Appeal of Retailers Fire Insurance Co.*, 3 B. T. A. 1186, the question here presented was before us and in disposing of the case, the Board said:

The question remains, however, whether the amount of the policy loss by fire is to be taken as a deduction in 1920, when the fire occurred and liability

under the policy arose, or in 1921, when the amount of the loss was adjusted and paid. Section 234 (a) (10) of the Revenue Act of 1918 allows as a deduction in the case of insurance companies "(b) the sums other than dividends paid within the taxable year on policy and annuity contracts." Section 200 provides:

The term "paid," for the purposes of the deductions and credits under this title, means "paid or accrued" or "paid or incurred," and the terms "paid or incurred" and "paid or accrued" shall be construed according to the method of accounting upon the basis of which the net income is computed under section 212.

\*          \*          \*          \*          \*          \*          \*

After careful consideration of the decisions of the Supreme Court, the rulings of the Bureau of Internal Revenue, and the legislative history of the tax statutes as they affect this deduction, we are of the opinion that the taxpayer is entitled to deduct in 1920 the amount of $3,225.58 paid by it in January, 1921, in settlement of the fire losses which occurred in December, 1920, liability for which it appears to have recognized when it set up reserves on its books in December, 1920.

Prior to December 31, 1918, the Reciprocal Exchange recognized a liability as existing on account of fire. The evidence shows that during 1918 an insurance adjuster for the Reciprocal Exchange had partly completed the proof of loss claim and that at the close of 1918, the petitioner recognized the liability as existing when it rendered its report to the State of Missouri.

Petitioner seeks to distinguish its case from one of the foregoing type on the ground that the petitioner is a reinsurer of risks and, therefore, could suffer no loss until a loss was realized by the original insurer, meaning by "realized" when the loss is paid. In this we can not concur. A loss accrued to the Reciprocal Exchange when the fire occurred on December 12, 1918, and, since the petitioner had insured the Reciprocal Exchange against a part of this loss, *ipso facto* an obligation arose, a liability accrued at the same time, to the extent of its policy with the original insurer. In a similar manner a liability accrued to the third insurance company with which the petitioner had insured a part of its risk.

It is true that on December 12, 1918, and for some time thereafter the exact extent of the loss could not be determined, but this does not change the fact that a loss had been sustained and it was merely a matter of determining the quantum of the loss. In effect, the original insurer said to the insured immediately after the fire, "We recognize a loss has been sustained by you on your policy with us; when the exact amount has been determined, we will make payment to you," and similarly said to the petitioner, "We have become liable under the policy which the Salisbury Ice Co. holds with us and on which you are a reinsurer; as soon as the amount of the loss is determined, we will advise you to the extent of your liability." The petitioner recognized its liability for the loss to the extent that it had reinsured

the Reciprocal Exchange. The liability for the amount in question accrued and was recognized by petitioner, the only thing remaining was to determine the extent of the loss.

In view of the foregoing, the Board is of the opinion that the losses here in question accrued in 1918 when the fires occurred and, therefore, are not deductible by the petitioner when paid in 1919.

Reviewed by the Board.

*Judgment will be entered for the respondent.*